United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DETWAN HARRIS,

Plaintiff,

v.

GHIRARDELLI CHOCOLATE COMPANY,

Defendant.

Case No. 25-cv-11106-JST

**ORDER DENYING MOTION TO REMAND**

Re: ECF No. 18

Before the Court is Plaintiff Detwan Harris's motion to remand. ECF No. 18. The Court will deny the motion.

## I. BACKGROUND

Harris filed the complaint in this matter on November 4, 2025 in California state court. ECF No. 1 at 18. The complaint alleges eight wage and hour claims based on state law: failure to provide compliant meal periods, failure to provide compliant rest periods, failure to pay for all hours worked, failure to pay all overtime owed, suitable seating violations, wage statement penalties, waiting time penalties, and violations of California's Unfair Competition law. *Id.* Harris's complaint alleges a putative class action covering "[a]ll non-exempt, hourly employees who worked for Defendants in California from four years prior to the filing of this complaint to the date of certification or judgment, whichever is earlier." *Id.* at 21, ¶ 15. At all applicable times, Harris and class members were covered by a Collective Bargaining Agreement ("CBA"). ECF No. 20-1 ¶ 3. Defendant removed the case to this Court on December 31, 2025, arguing that certain of Harris's claims are preempted under Section 301 of the Labor Management Relations Act ("LMRA"). ECF No. 1.

Harris filed a motion to remand on January 30, 2026. ECF No. 18. Defendant opposed on

February 13, 2026. ECF No. 20. Harris replied on February 20, 2026. ECF No. 21.

## II. JURISDICTION

Defendant asserts federal jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## IV. DISCUSSION

### A. LMRA Preemption

Defendant asserts federal question jurisdiction by virtue of LMRA preemption. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 28 U.S.C. § 185. "[T]he Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). Section 301 therefore "preempts 'any state cause of action for violation of contracts between an employer and a labor organization.'" *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983)). "Although normally federal preemption is a defense that does not authorize removal to federal court, [Section] 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim'" that may be removed to federal court. *Curtis*, 913 F.3d at 1152 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)).

The Ninth Circuit prescribes a two-step process for evaluating LMRA preemption. Section

301 "preempts a plaintiff's state law claim only where the claim (1) 'arises entirely from' a collective bargaining agreement or (2) 'requires interpretation of' the agreement." *Renteria-Hinojosa*, 150 F.4th at 1088 (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc)); *see also Burnside v. Kiewit Pac. Corp.*, 491 F 3d. 1053, 1059 (9th Cir. 2007).

At the first step of this test, courts "evaluate the 'legal character' of the claim by asking whether it seeks purely to vindicate a right or duty created by the CBA itself." *Alaska Airlines*, 898 F.3d at 920–21 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). If "the CBA is the 'only source' of the right," then the claim is preempted by Section 301. *Id.* at 921 (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)). Where the right is conferred upon the employee by state law, the court "proceed[s] to the second step and ask[s] 'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016)). "'[I]nterpretation' is construed narrowly in this context" and "a state law claim may avoid preemption if it does not raise questions about the scope, meaning, or application of the CBA." *Id.* At this step, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Alaska Airlines*, 898 F.3d at 921 (quoting *Livadas*, 512 U.S. at 124).

"[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas*, 512 U.S. at 123. As such, "'[s]etting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states,' and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Curtis*, 913 F.3d at 1152 (quoting *Alaska Airlines*, 898 F.3d at 919–20). At the same time, courts do not "elevate form over substance and allow parties to evade the requirements of § 301 by relabeling" their CBA claims as state law claims. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202,

United States District Court
Northern District of California

211 (1985).

**B. Statutory Overtime Claim**

Harris's claim for unpaid overtime under California Labor Code Section 510 is preempted by the LMRA because the statutory exemption contained in Section 514 applies.

Section 510(a)(2) provides that the "requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to . . . [a]n alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514." Cal. Lab. Code. § 510(a)(2). Section 514 provides that "Sections 510 . . . do[es] not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

In *Curtis*, the Ninth Circuit considered how the Section 514 exemption interacts with LMRA preemption. The Court held that "if Curtis's CBAs in this case meet the requirements of [S]ection 514, Curtis's right to overtime 'exists solely as a result of the CBA,' and therefore is preempted under [Section] 301." 913 F.3d at 1154 (quoting *Kobold*, 832 F.3d at 1032). The court also confirmed that the effect of Section 514 was jurisdictional. *Id*. at 1151 n.4 ("[W]e hold that jurisdiction over the overtime claim was proper under § 301 of the LMRA."). Curtis, like Harris, stated his claims under applicable statutes and did not raise claims under the CBA. *Id*. at 1150. But the fact that Curtis had "style[d]" his claims under state law did not prevent the Ninth Circuit from taking a closer look at the complaint, determining that the state law claims were not viable, and concluding that the underlying rights and injuries—there, unpaid overtime—could only be redressed through the CBA. *Id*. at 1151, 1154. So too here. This Court is bound by *Curtis* to determine whether Harris's overtime claim is precluded by Section 514. If so, then the right he alleges the defendant violates "'exist[] solely as a result of the CBA' and therefore is preempted" under step one of the LMRA preemption analysis. *Id*. at 1154.

Harris argues that Section 514 "would at most establish a potential defense on the merits in

state court—not a basis for federal subject matter jurisdiction," but *Curtis* held precisely the contrary. ECF No. 21 at 6. Harris relies primarily on a recent case from this district that declined to follow *Curtis*. *Id*. at 7 (citing *Cortes v. Mass Elec. Constr. Co.*, No. 25-CV-06714-JSC, 2025 WL 3685194, at *4 (N.D. Cal. Dec. 18, 2025)). *Cortes* noted that *Curtis*'s reasoning is thin and in tension with prior Ninth Circuit precedent suggesting that affirmative defenses are not relevant to the preemption analysis. *See* 2025 WL 3685194, at *4–5 (citing *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005 (9th Cir. 2018) ("A defendant can't rely on a CBA as an aspect of her defense simply to inject a federal question into an action that asserts what is plainly a state-law claim.")). But these criticisms are not enough to persuade this Court that it may disregard the Ninth Circuit's clear holding in *Curtis*. This is especially so given that the weight of authority from other district courts within this circuit, as well as at least two panels of the circuit itself, have applied *Curtis* faithfully. *See, e.g.*, *Cooper v. Applied Integrated Techs., Inc.*, 798 F. App'x 167, 168 (9th Cir. 2020); *Marquez v. Toll Global Forwarding*, 804 Fed. App'x 679, 680 (9th Cir. 2020); *Tejeda v. Vulcan Materials Co.*, No. 23-CV-00619-JCS, 2024 WL 3642403, at *16 (N.D. Cal. Aug. 1, 2024); *Carrillo v. Monterey Mech. Co.*, No. 24-CV-09202-LJC, 2025 WL 1642423, at *8 (N.D. Cal. June 10, 2025).

Here, Section 514 applies. The CBA "expressly provides for the wages, hours of work, and working conditions of the employees." Cal. Lab. Code § 514; *see* ECF No. 1-1 at 11–17. The CBA also provides "premium wage rates for all overtime hours worked." *Id*. at 13–15. It further provides "a regular hourly rate of pay for [Harris] of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514; ECF No. 20-1 ¶ 5 (providing Harris's wage rates); ECF No. 20 at 6 (comparing Harris's wage rates to the applicable minimum wage). Courts interpret Section 514, however, to require that *all* employees subject to the CBA be paid more than 130% of the state minimum wage. *See, e.g.*, *Huffman v. Pac. Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019 WL 2563133, at *6 (N.D. Cal. June 21, 2019) ("It is apparent from the statute's plain language that a CBA must satisfy Section 514 's substantive requirements with respect to all covered employees in order to render Section 510 inapplicable to any particular employee."). Defendant therefore also provides the declaration of an HR manager stating that, based on analysis

of business records containing the wage of all new hires for November 4, 2021 through December 31, 2025, "100% of regular union employees were paid at a rate that was more than 130% of the then-applicable California state minimum wage rate." ECF No. 20-1 ¶ 7.

Harris complains that this declaration does not satisfy "the rigorous showing required to carry removal jurisdiction" because "it does not address . . . variations in job classifications, wage progressions, minimum wage increases, temporary designations, or rehire scenarios." ECF No. 21 at 8. But Defendant's declaration states clearly the data that was considered, provides information establishing the reliability of that data, establishes its comprehensiveness, and concludes that the 130% wage requirement is met. ECF No. 20-1 ¶ 7. Harris provides neither contrary evidence nor any reason to doubt the credibility of the declaration. Under the circumstances, the Court finds that Defendant's evidence suffices to establish that Section 514 applies.

Because Section 514 applies, Harris's statutory overtime claim is preempted by Section 301 as interpreted in *Curtis*.

**C. Rest and Meal Break Claims**

Defendant argues that Harris's rest and meal break claims are preempted under the second step of the LMRA preemption test because they require interpretation of the CBA. But Harris's rest and meal break claims are purely statutory.

**1. Rest Breaks**

California Labor Code Section 226.7 and Industrial Welfare Commission ("IWC") Wage Order No. 4 require employers to "authorize and permit" rest periods at the rate of 10 minutes net per four hours. "During rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 260 (2016). The complaint alleges that "Plaintiff's rest breaks were sometimes delayed due to lack of coverage." ECF No. 1 at 25, ¶ 36.

The CBA grants employees one 12-minute rest period approximately two hours after the beginning of their shift and another approximately two hours after the beginning of the second half of their shift. ECF No. 1-1 at 16. "Employees taking such rest periods shall do so only after receiving permission or instructions from their supervisor, in order that there shall be a minimum

interruption of production." *Id.* Defendant argues that "it is unclear whether the CBA obligates Defendant to provide rest breaks even if employees fail to receive 'permission or instructions' from their supervisor" and "whether a rest break violation would occur if the employee failed to initiate the request." ECF No. 20 at 8. "[T]he question will hinge on how exactly the CBA's requirement to first obtain permission or 'instructions' before taking a rest break prevented employees from taking the rest breaks they were permitted." *Id.* Defendant also suggests that ambiguity is introduced by the CBA's provision of 12-minute rest breaks (as opposed to the 10-minute breaks mandated by statute) and its provision of a third rest period after 8 hours of work, which is not mandated by California law. *Id.*

The Ninth Circuit recently addressed similar preemption arguments in *Renteria-Hinojosa*, 150 F.4th at 1090. There, the defendant argued that litigating meal and rest break claims "will require interpretation of CBA rest break provisions because these provisions 'apply not only to the timing of breaks but also permit [the defendant] to modify breaks under certain circumstances.'" *Id.* The Court rejected this argument, holding that "the terms of the CBA rest break provisions are irrelevant to Renteria-Hinojosa's claims that Sunsweet failed to provide rest breaks as required by California law." *Id.* "California's rest break requirements are a 'minimum labor standard' that neither an employee nor their collective bargaining representative can waive." *Id.* (citing *Zavala v. Scott Bros. Dairy, Inc.*, 49 Cal. Rptr. 3d 503, 506, 509 (2006); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076, 1082 (9th Cir. 2005)).

The Court is not persuaded that the CBA provisions Defendant cites are ambiguous. Even if they were, however, those ambiguities would not be relevant to Harris's rest break claims. He seeks to remediate violations not of CBA provisions for 12-minute breaks conditioned on permission from a supervisor, but of California law. As the Ninth Circuit held in *Renteria-Hinojosa* and as Harris argues, any differences between the CBA's provisions and state law standards are irrelevant because Section 226.7 sets minimum standards unwaivable absent a specific statutory exemption.

Harris's claims require only a factual comparison of the breaks actually provided to the statutory minimums, and are "entirely independent of any understanding embodied in the

United States District Court
Northern District of California

collective-bargaining agreement between the union and the employer." *See Livadas*, 512 U.S. at 124–25. His rest break claims are not preempted by Section 301.

**2. Meal Breaks**

Harris's meal period claim is under California Labor Code Section 512(a) and IWC Wage Order No. 5, which provide that "an employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" or "for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes." "The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break and does not impede or discourage them from doing so." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012).

The complaint alleges that Harris's "first meal breaks were periodically interrupted when supervisors or management provided instructions regarding what tasks to perform upon returning to work" and "when Plaintiff worked 12-hour shifts, Defendant instructed Plaintiff not to clock out for second meal breaks, thereby failing to properly record or pay for such meal breaks." ECF No. 1 at 24, ¶ 30.

Defendant argues that interpretation of the CBA is required to determine whether the union waived employees' right to a second meal period when work exceeds ten hours. ECF No. 20 at 9. The CBA contains no such waiver, but, marshaling some edge-case ambiguities in other CBA terms, Defendant argues that "some terms of the CBA are governed by past practices and understandings that are not memorialized within the CBA itself." ECF No 20 at 9. Defendant therefore interprets the fact that the CBA only provides for a single meal break as plausibly suggesting waiver of any statutorily mandated second meal break. *Id.* The Court rejects this tenuous theory. *See Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 80 (1998) ("We will not infer from a general contractual provision that the parties intended to waive a statutorily protected right unless the undertaking is 'explicitly stated.' More succinctly, the waiver must be clear and unmistakable."). To state the obvious, a waiver cannot be explicit where the CBA is

silent. Defendant has identified no plausible dispute over CBA terms.

Moreover, if Defendant's theory of waiver were plausible, it would be irrelevant because, like the right to rest periods, "the right to meal periods is a generally applicable labor standard that is not subject to waiver by agreement" absent an applicable statutory exemption. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1081 (9th Cir. 2005); *Ehret v. WinCo Foods, LLC*, 26 Cal. App. 5th 1, 5 (2018) ("[T]he provisions of Labor Code [S]ection 512 'can[not] in any way be contravened or set aside by a private agreement, whether written, oral, or implied,' except where the statute itself allows for waiver). Defendants do not identify any applicable statutory exemption here.

Finally, Harris is correct that CBA waiver of the applicable meal break requirements would be only a defense to those claims and would not render them preempted. "A defendant cannot, merely by injecting a federal question into an action" through a defensive argument, "transform the action into one arising under federal law." *Caterpillar*, 482 U.S. at 398–99. The Ninth Circuit recently reaffirmed this rule in *Renteria-Hinojosa*, holding that defenses based on the CBA's purported waiver of certain rights did not render the underlying state law claims preempted. 150 F.4th at 1092.[1]

For the foregoing reasons, Harris's meal break claims are also not preempted by Section 301.

**D. Derivative Claims**

Where a claim is preempted by the LMRA, other claims derivative of it are also preempted. *See, e.g.*, *Fennix v. Tenderloin Hous. Clinic, Inc.*, No. 20-CV-05207-DMR, 2020 WL 6462394, at *6 (N.D. Cal. Nov. 3, 2020); *Alexander v. Republic Services, Inc.*, No. 2:17-0644 WBS AC, 2017 WL 2189770, at *6 (E.D. Cal. May 18, 2017); *Rodriguez v. Gonsalves & Santucci, Inc.*, No. 21-cv-07874-LB, 2022 WL 3641010, at *4 (N.D. Cal. Aug. 23, 2022); *Gay v. Pacific Steel Group*, No. 20-cv-08442-HSG, 2023 WL 6048784, at *7 (N.D. Cal. Sept. 15, 2023).

Harris's wage statement, waiting time, and UCL claims are in part derivative of his

---

[1] The Court acknowledges the tension between this holding in *Renteria-Hinojosa* and *Curtis*, but finds the two cases reconcilable in that the defense in *Curtis* was a statutory exemption requiring reference to the CBA, while the defense in *Renteria-Hinojosa* was based on waiver contained in the CBA alone.

United States District Court
Northern District of California

overtime claim. The complaint alleges Defendant provided Harris and other class members inaccurate wage statements "because they did not include premium pay for non compliant meal and rest periods and did not reflect all overtime hours worked or the correct wages owed." ECF No. 1 at 27, ¶ 59. It alleges that Defendant willfully failed to pay "all wages owed at the conclusion of employment . . . including unpaid meal period premiums and unpaid overtime wages." *Id.* at 28, ¶ 65. Finally, it alleges that Defendant "gained an unfair advantage" over competitor businesses and violated the UCL by "not paying their employees what they are owed." *Id.* at 29, ¶ 70.

To the extent these claims are based on unpaid overtime, they are preempted by Section 301 of the LMRA. To the extent these claims are based on unpaid meal and rest periods, they are not preempted for the reasons outlined above.

**CONCLUSION**

Harris's overtime claim is preempted, as are his wage statement, waiting time, and UCL claims, but only to the extent they are derivative of the overtime claim. Because Defendant has identified a federal claim under Section 301 of the LMRA, Harris's motion to remand is denied. The Court will assert supplemental jurisdiction over the remaining state-law claims. *Linebarger v. Graphic Packaging Int'l, LLC*, No. SACV 20-00309 JVS (JDEx), 2020 WL 1934958, at *6 (C.D. Cal. Apr. 22, 2020) (exercising supplemental jurisdiction over rest break claim after finding that overtime, meal break and expense reimbursement claims were preempted by Section 301 and denying remand motion).

**IT IS SO ORDERED.**

Dated: July 24, 2026

JON S. TIGAR
United States District Judge