Manny Starr (319778)
manny@frontierlawcenter.com
Rebecca Harteker (349793)
rebecca@frontierlawcenter.com
eservice@frontierlawcenter.com
**FRONTIER LAW CENTER**
6200 Canoga Ave., Suite 470
Woodland Hills, CA 91367
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff DETWAN HARRIS,
individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DETWAN HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>GHIRARDELLI CHOCOLATE COMPANY; and DOES 1 through 100,<br><br>Defendant(s). | Case No. 4:25-cv-11106-JST<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**1. Failure to Provide Compliant Meal Periods**<br>**2. Failure to Provide Compliant Rest Periods**<br>**3. Failure to Pay for All Hours Worked**<br>**4. Wage Statement Penalties**<br>**5. Waiting Time Penalties**<br>**6. Violation of Unfair Competition Law**<br>**7. Private Attorneys General Act**<br><br>**DEMAND FOR JURY TRIAL** |

## RELEVANT PARTIES

1. Plaintiff Detwan Harris ("Plaintiff") is an adult resident of Alameda County, California, and was at all times relevant residing in Alameda County, California.

2. Defendant Ghirardelli Chocolate Company ("Defendant") is a California corporation with its principal place of business located in San Leandro, California. Defendant is registered to and does conduct business in the State of California and is subject to the laws of the State of California. All acts and omissions of Defendant's employees as alleged herein occurred while they were acting within the course and scope of their employment.

3. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 100, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled.

## JURISDICTION AND VENUE

4. This action is properly filed in Alameda County, California because the acts and omissions that give rise to Plaintiff's claims took place in Alameda County, and Defendant transacts substantial business in this County.

5. This Court has jurisdiction over Defendant because Defendant's unlawful conduct as alleged herein occurred in Alameda County, California and Plaintiff suffered damages from such conduct in Alameda County, California.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was Defendant's employee.

7. Plaintiff was employed by Defendant from approximately August 2024 until July 31, 2025 as a Packer.

8. Plaintiff brings this action to vindicate independent, nonnegotiable rights arising under the California Labor Code, applicable Wage Orders, the Business and Professions Code, and PAGA. Plaintiff does not seek to enforce, interpret, or recover damages for breach of any collective bargaining agreement.

9. Defendant failed to provide Plaintiff and the Class Members with compliant meal periods because Defendant regularly failed to provide uninterrupted, duty-free meal periods. Plaintiff worked as a Packer on production lines at Defendant's San Leandro facility. During the Class Period, including on shifts in which Plaintiff worked more than five hours, Plaintiff's first meal periods were periodically interrupted by supervisors and/or management while Plaintiff was on meal period. The interruptions consisted of work-related instructions about production-line tasks, packing assignments, coverage needs, and what Plaintiff was required to do when he returned to the line. Because these instructions were given during Plaintiff's meal periods, Plaintiff was not relieved of all duty and Defendant did not relinquish control over Plaintiff's time. For example, during the workweek of June 2, 2025 through June 8, 2025, Plaintiff was not provided at least one compliant meal period. Additionally, when Plaintiff worked 12-hour shifts, Defendant instructed Plaintiff not to clock out for second meal periods, thereby impeding and discouraging Plaintiff from taking recorded, duty-free second meal periods, failing to properly record such meal periods, and failing to pay any meal-period premiums owed for non-compliant second meal periods. Despite these non-compliant meal periods, Defendant did not pay all meal-period premium pay owed at Plaintiff's and the Class Members' regular rate of pay.

10. Defendant failed to provide Plaintiff and the Class Members with compliant rest periods because Defendant regularly failed to authorize and permit timely, duty-free rest periods. Plaintiff worked on production lines where employees depended on coverage before they could leave their workstations. During the Class Period, Plaintiff's rest periods were sometimes delayed because Defendant failed to provide sufficient coverage and because constant work demand prevented Plaintiff from

leaving the line at the time rest periods were due. The delayed rest periods occurred on shifts in which Plaintiff worked enough hours to be entitled to rest periods. Defendant's supervisors and/or management controlled whether and when Plaintiff could leave the production line for rest periods, and Plaintiff could not take timely rest periods when coverage was unavailable. For example, during the workweek of June 2, 2025 through June 8, 2025, Plaintiff worked more than 40 hours in the workweek, including approximately 64.23 total work hours, and his rest periods were delayed because Defendant lacked sufficient coverage for Plaintiff to leave the production line when his rest periods were due. Despite these non-compliant rest periods, Defendant did not pay rest-period premium pay at Plaintiff's and the Class Members' regular rate of pay.

11. Plaintiff's off-the-clock work during interrupted meal periods also resulted in unpaid minimum wages for all hours worked because Defendant required or permitted Plaintiff to perform work-related tasks and remain under Defendant's control while Plaintiff was not being paid for that time.

12. The applicable Wage Order provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." It further states that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

13. Here, although Plaintiff and the Aggrieved Employees could have performed their job duties while seated, Defendant failed to provide suitable seating. Plaintiff worked as a Packer on production lines. The nature of Plaintiff's packing work reasonably permitted the use of seats, particularly during periods when the conveyor belt was slow, because packing tasks on slow conveyor belts could reasonably be performed while seated. Defendant maintained a policy and practice of prohibiting Plaintiff and Aggrieved Employees from sitting while on the clock. Plaintiff and

Aggrieved Employees also should have been provided with seats for use while not actively performing work duties, but such seating was not provided.

14. Defendant failed to provide Plaintiff and the Class Members with accurate wage statements because the wage statements issued to Plaintiff and the Class Members did not accurately list total wages owed and hours worked, among other things. Specifically, due to the unpaid meal period violations, unpaid rest period violations, and unpaid minimum wages for off-the-clock work, Plaintiff's and the Class Members' wage statements were inaccurate.

15. Due to Defendant's failure to pay all wages due to Plaintiff and the Class Members during their employment, it follows that Defendant failed to pay all wages due at the conclusion of Plaintiff and the Waiting Time Subclass' employment as well. Plaintiff's employment terminated on July 31, 2025, and Defendant failed to pay all final wages owed, including unpaid minimum wages for off-the-clock work and meal- and rest-period premiums. Therefore, Defendant is liable to Plaintiff and the Waiting Time Subclass for waiting time penalties.

## CLASS ACTION ALLEGATIONS

16. The class is defined as the following: "All non-exempt, hourly employees who worked for Defendants in California from four years prior to the filing of this complaint to the date of certification or judgment, whichever is earlier."

17. The Waiting Time Subclass is defined as "all former non-exempt employees of Defendants who worked in California during the Class Period and whose employment has terminated."

18. There is a well-defined community of interest in the litigation and the proposed class is ascertainable from Defendants' employment records.

a. Numerosity: The members of the class as defined are so numerous that joinder of all class members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that Defendant employs approximately 600 non-exempt employees in California.

b. Commonality: This action involves common questions of law and fact to the class because the action focuses on Defendants' course of conduct with respect to violating the Labor Code and IWC Wage Orders.

c. Typicality: Plaintiff's claims are typical of the claims of the class. Plaintiff was subjected to the same violations and seeks the same types of damages, restitution, and other relief on the same basis as those of the members of the class.

d. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff understands the obligations as a class representative and is willing and able to fulfill them. Plaintiff's counsel is competent and experienced in litigating employment class actions and complex litigation matters like this.

e. Superiority of Class Action: A class action is superior to other available means for the efficient adjudication of this controversy. Class action treatment will allow similarly situated persons to pursue the claims in a manner that is most efficient and economical.

f. Public Policy Considerations: Employees are often afraid to assert their rights out of fear of retaliation; thus, class actions provide the class members with anonymity that allows for vindication of rights while protecting privacy.

19. There are common questions of law and fact including but not limited to:

a. Whether Defendants violated Labor Code section 512 and the applicable Wage Order by not providing lawful meal and rest breaks;

b. Whether Defendants violated Labor Code section 226.7 by not paying premium pay for missed meal and rest breaks;

c. Whether Defendants violated Labor Code section 226 by providing inaccurate wage statements;

d. Whether Defendants violated Labor Code section 203 by not paying all wages due at the time of separation;

e. Whether Defendants engaged in unfair competition; and

f. The amount of damages, wages, and penalties owed to Plaintiff and the class.

## PAGA ALLEGATIONS

20. Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

21. Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under PAGA after the following requirements have been met:

22. The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

23. The LWDA has provided notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the aggrieved employee's claims. Upon receipt of the LWDA's Notice, or if the LWDA does not provide such Notice within 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

24. On November 3, 2025, Plaintiff provided written notice by online filing to the LWDA and by certified mail to Defendant of specific provisions of the Labor Code alleged to have been violated by Defendant, including the facts and theories to support the alleged violations.

25. The 65-day notice period has elapsed, and the LWDA did not provide Plaintiff with written notice that it intends to investigate the alleged violations of the Labor Code. Thus, Plaintiff seeks PAGA Penalties on behalf of all Aggrieved Employees.

26. The Aggrieved Employees are defined as "All nonexempt, hourly employees, current and former, who were employed by Defendant in California within one year prior to November 3, 2025 through final judgment in this action."

**FIRST CAUSE OF ACTION**

**Failure to Provide Compliant Meal Periods**

**By Plaintiff and the Class Against All Defendants**

27. Plaintiff incorporates by reference the paragraphs above.

28. Labor Code section 512 and the Wage Orders provide that "an employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes" or "for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes".

29. An employer provides compliant meal breaks to its employees "if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break." (*Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1040 (2012)).

30. Not only must an employer affirmatively relieve its employees of all duty during their meal breaks, it also must not "impede or discourage" its employees from taking compliant meal breaks. (*Brinker*, supra).

31. Defendants failed to provide Plaintiff and the Class Members with compliant meal breaks as alleged herein. Specifically, Plaintiff's first meal breaks were periodically interrupted when supervisors or management provided instructions regarding what tasks to perform upon returning to work. Additionally, when Plaintiff worked 12-hour shifts, Defendant instructed Plaintiff not to clock out for second meal periods, thereby impeding and discouraging Plaintiff from taking recorded, duty-free

second meal periods, failing to properly record such meal periods, and failing to pay any meal-period premiums owed for non-compliant second meal periods.

32. For each day that Defendants failed to provide Plaintiff and the Class Members with a compliant meal break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at everyone's regular rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

33. Defendants failed to pay all meal-period premium pay owed to Plaintiff and the Class Members at their regular rate of pay for each non-compliant meal period for which premium pay was required.

34. Plaintiff and the Class Members are therefore entitled to recover premium pay for missed meal periods, interest, penalties, attorneys' fees, and costs.

## **SECOND CAUSE OF ACTION**

### **Failure to Provide Compliant Rest Periods**

### **By Plaintiff and the Class Against All Defendants**

35. Plaintiff incorporates by reference the paragraphs above.

36. Labor Code section 226.7 and the Wage Orders require employers to authorize and permit employees to take rest periods based on the total hours worked daily at the rate of 10 minutes net per four hours or major fraction thereof.

37. Furthermore, "[d]uring rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time." (*Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 269 (2016)).

38. Defendants failed to provide Plaintiff and the Class Members with compliant rest breaks as alleged herein. Specifically, Plaintiff's rest breaks were sometimes delayed due to lack of coverage, which constitutes a failure to authorize and permit rest periods at the proper time as required by law. For example, during the workweek of June 2, 2025 through June 8, 2025, Plaintiff worked more than 40 hours in the workweek, including approximately 64.23 total work hours, and his rest periods were

delayed because Defendant lacked sufficient coverage for Plaintiff to leave the production line when rest periods were due.

39. For each day that Defendants failed to provide Plaintiff and the Class Members with a compliant rest break, Defendants were required to remit premium pay pursuant to Labor Code section 226.7(c), which is one additional hour of pay at everyone's regular rate of pay. (*Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021)).

40. Defendants failed to pay premium pay at Plaintiff's and the Class Members' regular rate of pay for each day a rest break was missed.

41. Plaintiff and the Class Members are therefore entitled to recover premium pay for missed rest periods, interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION

### Failure to Pay for All Hours Worked

### By Plaintiff and the Class Against All Defendants

42. Plaintiff incorporates by reference the paragraphs above.

43. Labor Code sections 1182.12, 1194, and 1197 and the applicable Wage Order require employers to pay employees at least the applicable minimum wage for all hours worked.

44. Defendants failed to pay Plaintiff and the Class Members for all hours worked as alleged herein. Specifically, Plaintiff and Class Members were required or permitted to perform off-the-clock work during interrupted meal periods, including receiving and responding to work-related instructions from supervisors and/or management while they were clocked out or otherwise not being paid. Defendant did not pay Plaintiff and Class Members at least minimum wages for all such off-the-clock work.

45. Plaintiff and the Class are therefore entitled to recover all unpaid wages, liquidated damages, interest, penalties, attorney fees, and costs.

///

///

///

**<u>FOURTH CAUSE OF ACTION</u>**

**Wage Statement Penalties**

**By Plaintiff and the Class Against All Defendants**

46. Plaintiff incorporates by reference the paragraphs above.

47. Labor Code section 226(a) requires employers to provide itemized wage statements to its employees that identify accurate information regarding their compensation. Defendants, as a matter of policy and practice, failed in its affirmative obligation to provide accurate itemized wage statements to Plaintiff and the Class Members in violation of Labor Code section 226(a).

48. As alleged herein, the wage statements that Defendants issued to Plaintiff and the Class Members were inaccurate and incomplete because they did not include premium pay for non-compliant meal and rest periods, did not reflect all off-the-clock hours worked during interrupted meal periods, and did not reflect all wages owed, including minimum wages and meal- and rest-period premiums.

49. Defendants knowingly and intentionally issued wage statements that were inaccurate and incomplete, and the issuance of inaccurate and incomplete wage statements caused injury to Plaintiff and the Class Members in that Plaintiff and the Class Members were unable to accurately verify and/or calculate their wages.

50. Plaintiff and the Class Members are therefore entitled to the recovery of wage statement penalties, attorney fees, and costs.

**<u>FIFTH CAUSE OF ACTION</u>**

**Waiting Time Penalties**

**By Plaintiff and the Waiting Time Subclass Against All Defendants**

51. Plaintiff incorporates by reference the paragraphs above.

52. Labor Code sections 201 and 202 require that an employer provide an employee with all wages due and payable either: (a) immediately upon termination, or (b) within 3 days of the employee's resignation.

53. Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with Labor Code sections 201 or 202, then the wages of the employee continue as a penalty from the due date at the same rate until paid or until an action is commenced, not to exceed thirty days.

54. As alleged herein, Defendants willfully did not pay Plaintiff and the Waiting Time Subclass Members all wages owed at the conclusion of employment. Plaintiff's employment terminated on July 31, 2025, and Defendants failed to pay all final wages due, including unpaid minimum wages for off-the-clock work and unpaid meal- and rest-period premiums.

55. Because these wages were due at the time of termination, Defendants' failure to pay them triggers waiting time penalties under Labor Code section 203.

56. Plaintiff and the Waiting Time Subclass Members are therefore entitled to the recovery of waiting time penalties, interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION

### Violation of Unfair Competition Law

### By Plaintiff and the Class Against All Defendants

57. Plaintiff incorporates by reference the paragraphs above.

58. Defendants' conduct described herein constitutes unfair competition.

59. Specifically, Defendants have gained an unfair advantage over other similarly situated businesses by unlawfully reducing their overhead costs by not paying their employees what they are owed.

60. Pursuant to Business and Professions Code 17203, Plaintiff and the Class Members are entitled to restitution of all wrongfully withheld wages.

61. Plaintiff and the Class Members may recover attorney fees pursuant to Code of Civil Procedure section 1021.5.

///

///

///

**SEVENTH CAUSE OF ACTION**

**Private Attorneys General Act**

**By Plaintiff and the Aggrieved Employees Against All Defendants**

62. Plaintiff incorporates by reference the paragraphs above.

63. PAGA permits Plaintiff and the Aggrieved Employees to recover civil penalties for the violation(s) of the Labor Code.

64. As alleged herein, Defendants' conduct violates numerous sections of the Labor Code.

65. With respect to violations of Labor Code sections 226.7 and 558 for Defendants' failure to provide Plaintiff and the Aggrieved Employees with compliant meal periods or compensation in lieu thereof, the penalties in Labor Code sections 558 and 2699 apply.

66. With respect to violations of Labor Code section 226.7 for Defendants' failure to provide Plaintiff and the Aggrieved Employees with compliant rest periods or compensation in lieu thereof, the penalties in Labor Code section 2699 apply.

67. With respect to violations of Labor Code section 1197 for Defendants' failure to compensate Plaintiff and the Aggrieved Employees for all minimum wages earned, the penalties in Labor Code sections 1197.1 and 2699 apply.

68. With respect to violations of Labor Code section 226(a) for failure to provide accurate wage statements to Plaintiff and the Aggrieved Employees, the penalties in Labor Code sections 226.3 and 2699 apply.

69. With respect to violations of Labor Code section 203 for failure to pay all wages due to Plaintiff and the Aggrieved Employees at the conclusion of their employment, the penalties in Labor Code section 2699 apply.

70. With respect to violations of Labor Code section 1198 and the applicable Wage Order for failure to provide Plaintiff and the Aggrieved Employees with suitable seating, Plaintiff seeks civil penalties under PAGA.

71. Pursuant to Labor Code section 2699(k)(1), Plaintiff further seeks public injunctive relief in the form of an Order enjoining Defendants from continuing to violate the California Labor Code in the manner alleged herein.

72. Additionally, Plaintiff and the Aggrieved Employees are entitled to attorney's fees pursuant to Labor Code section 2699(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants as follows:

As to Causes of Action One Through Six

1. Class certification
2. Appointment of Plaintiff as class representative
3. Appointment of Plaintiff's Counsel as class counsel

First Cause of Action

1. Damages and/or penalties pursuant to Labor Code section 226.7
2. Interest
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Second Cause of Action

1. Damages and/or penalties pursuant to Labor Code section 226.7
2. Interest
3. Attorneys' fees
4. Costs
5. Other relief the court deems proper

Third Cause of Action

1. Damages and/or penalties pursuant to Labor Code sections 558, 1194, 1197, and 1197.1
2. Liquidated damages

3. Interest

4. Attorneys' fees

5. Costs

6. Other relief the court deems proper

<u>Fourth Cause of Action</u>

1. Penalties pursuant to Labor Code section 226

2. Attorneys' fees

3. Costs

4. Other relief the court deems proper

<u>Fifth Cause of Action</u>

1. Penalties pursuant to Labor Code section 203

2. Interest

3. Attorneys' fees

4. Costs

5. Other relief the court deems proper

<u>Sixth Cause of Action</u>

1. Restitution of all wrongfully withheld wages

2. Attorneys' fees

3. Costs

4. Other relief the court deems proper

<u>Seventh Cause of Action</u>

1. All applicable civil penalties available pursuant to Labor Code section 2698, et seq.

2. Public injunctive relief in the form of an Order enjoining Defendants from continuing to violate the California Labor Code in the manner alleged herein

3. Attorneys’ fees

4. Costs

5. Other relief the court deems proper

DATED: September 17, 2026

FRONTIER LAW CENTER

*/s/ Rebecca Harteker*
Rebecca Harteker
Attorney for Plaintiff
DETWAN HARRIS,
individually and on behalf of all others similarly situated

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: September 17, 2026

FRONTIER LAW CENTER

*/s/ Rebecca Harteker*
Rebecca Harteker
Attorney for Plaintiff
DETWAN HARRIS,
individually and on behalf of all others similarly situated